# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHAD E. GOINS,** | ) |
| Plaintiff, | ) Case No. 7:16CV00154 |
| v. | ) **OPINION** |
| **L. FLEMMING, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Chad E. Goins, Pro Se Plaintiff.*

The plaintiff, Chad E. Goins, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that officials at Wallens Ridge State Prison are not properly accommodating his religious practices. The court recently granted the defendants until early August 2016 to respond to Goins's complaint. Goins has now filed a "MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT" to add retaliation claims based on events that have occurred since he filed the initial § 1983 complaint at the end of March 2016. After review of the record, I conclude that the motion must be denied.

In his proposed amendment, Goins alleges that on April 25, 2016, two officers refused his requests for administrative remedies forms. The officer who refused Goins' request for an informal complaint form allegedly said, "Oh you like to write stuff up. . . . That will get you a charge and moved to 'D' building

(segregation)." (Mot. 2, ECF No. 16.) Goins states that he has been charge-free for more than two years, but fears Wallens Ridge officers will bring a disciplinary charge against him as the one officer threatened to do, and he will be placed in segregation. The grievance coordinator told Goins to write to the grievance department for forms. He allegedly did so, but then waited two months without receiving the requested form.

Based on these allegations, Goins seeks a "preliminary injunction effective immediately," directing that the defendants and all other prison officials are "restrained from any further harassment, discrimination, or any psychological abuse to the plaintiff for litigating of these violations . . . ." (Mot. 2-3, ECF No. 16.)

I conclude that Goins has not alleged facts warranting the interlocutory injunctive relief he seeks or the requested amendment. The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Goins fails to state facts meeting these four required elements. As an initial matter, his allegations that the officers' actions were motivated in any respect by this pending lawsuit are merely conclusory, and therefore, do not indicate any

likelihood of success on a retaliation claim. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). Similarly, Goins's allegations do not state the necessary elements of a § 1983 retaliation claim against any defendant in this lawsuit, and denial of prison grievance forms is not a constitutional violation actionable under § 1983. *Id.* at 75. Therefore, I will deny as futile Goins's motion seeking to add such claims to his § 1983 lawsuit.

Finally, Goins's allegations do not meet the three other requirements for interlocutory relief. He does not describe any irreparable harm he is likely to suffer from merely being denied administrative remedy forms or from the officer's apparently empty threat of a disciplinary charge and segregation. I also cannot find that the balance of the equities or the public interest weigh in Goins's favor so as to warrant the court's interference in prison administration in these circumstances.

For the stated reasons, I conclude that Goins has not made the necessary, four-factor showing that his situation warrants interlocutory relief or that he has grounds for an amendment. Therefore, I will deny his motion.

A separate Order will be entered herewith.

DATED: July 12, 2016

/s/ James P. Jones
United States District Judge